## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| RUSGO AND DEPANICI'S, INC., individually and as the representative of a class of similarly situated persons, Plaintiff, | ) ) ) ) ) ) | No. 16-CV-12966 |
| v. WALTER J. SVENKESEN INSURANCE AGENCY, INC., D/B/A VIKING INSURANCE AGENCY and WALTER J. SVENKESEN, Defendants. | ) ) ) ) ) ) ) ) ) | |

## AGREED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Rusgo and Depanici's, Inc. ("Plaintiff"), on behalf of himself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as Exhibit A, (2) approving the form of Class Notice attached as Exhibit 2 to the Agreement and its dissemination to the Settlement Class by fax, and (3) setting dates for opt-outs, objections, and a fairness hearing to

take place no sooner than 90 days after the government officials receive the notice CAFA requires (to be served by defense counsel no later than 10 days after the Agreement is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit 1 to the Agreement and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff has filed a brief in support of this motion.

Respectfully submitted,

s/ Phillip A. Bock
One of Plaintiff's attorneys

Mark Wasvary
MARK K. WASVARY, P.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
Telephone: 248-649-5667

Phillip A. Bock
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RUSGO AND DEPANICI'S, INC.,        )
individually and as the            )
representative of a class of       )
similarly situated persons,        )
          Plaintiff,   )     No. 16-CV-12966
                        )
    v.                             )
WALTER J. SVENKESEN                 )
INSURANCE AGENCY, INC.,             )
D/B/A VIKING INSURANCE              )
AGENCY and WALTER J.                )
SVENKESEN,                          )
                        )
          Defendants.  )

## BRIEF IN SUPPORT OF AGREED MOTION
## FOR PRELIMINARY APPROVAL OF
## <u>CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS</u>

Plaintiff, Rusgo & Depanici's, Inc. ("Plaintiff"), on behalf of himself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the parties' proposed class action settlement (<u>Exhibit A</u>) and, in support thereof, states as follows:

## <u>STATEMENT OF THE ISSUES</u>

Whether the parties' Settlement Agreement is "fair, reasonable and adequate" for the absent class members.

Whether the contents of the Class Notice agreed upon by the Parties are clear and concise, and meet the requirements of Rule 23 (c) (3).

Whether the agreed upon manner for sending the Class Notice is reasonable, as required by under Rule 23 (e) (1).

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974);

2

## I.    Background of the litigation.

1.    Plaintiff's Complaint alleges that Defendants sent unsolicited text messages to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages.

2.    Based upon discovery, Plaintiff has determined that Defendants' form advertisements were sent to at least 683 fax numbers belonging to persons in Michigan.

3.    Defendants have denied liability to Plaintiff and the other members of the class on a variety of legal and factual grounds.

4.    Defendants have little ability to pay a settlement or judgment other than through their insurance policies. Defendants have policies with Secura Insurance Company ("Secura") and Admiral Insurance Company ("Admiral") (collectively, the "Insurers"). Both Insurers have raised coverage defenses, and Secura has initiated a declaratory judgment action to determine coverage.

5.    Following a mediation conducted by independent mediator Thomas Peters of Vanderveer Garzia, P.C., the parties and the insurers

negotiated a formal, written settlement agreement, proposed court orders, and proposed notice to the absent class members and have submitted that Agreement to the Court.

## II.  Summary of the settlement.

6.     If approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendants' fax advertisements sent between June 1, 2016 and September 30, 2016 (the "Class Period").

7.     Plaintiff, Defendants, and the Insurers negotiated the settlement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the likelihood of protracted litigation here and in two separate insurance coverage actions, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. They also reviewed and analyzed the legal and factual issues surrounding the questions of Defendants' insurance coverage. Based upon their review and analysis, Plaintiff, Defendants, and the Insurers agreed to and executed the Agreement.

8.     The Agreement's key terms are as follows:

a.   <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as follows: "Each person, including but not limited to the lists of persons produced by Defendants totaling 683 fax numbers, that was sent one or more telephone facsimile messages through faxbb.com from June through September, 2016 promoting the availability or quality of property, goods, or services offered by 'Viking Insurance,' but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful." Excluded from the Settlement Class are Defendants and the Insurers, including any of their parents, subsidiaries, affiliates, or controlled persons, as well as their officers, directors, agents, servants, employees, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such individuals. *See* Agreement, <u>Exhibit A</u>, at ¶ 3.

b.   <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff is the Class Representative and that Plaintiff's attorneys (Phillip A. Bock of Bock & Hatch, LLC

and Mark K. Wasvary of Mark K. Wasvary, P.C.) are Class
Counsel for the Settlement Class. *Id.*, ¶ 4.

c.  Monetary Relief to the Members of the Settlement
Class. Defendants, by and through the Insurers, have agreed to
make available a total of $683,000.00 (the "Settlement Fund") to
pay valid class member claims, to pay an incentive payment to
Plaintiff, to pay attorney's fees and litigation costs and expenses to
Class Counsel, as approved by the Court. Any money left in the
Settlement Fund after payments to claiming class members, to the
Class Representative, and to Class Counsel would revert to and be
kept by the Insurers. *Id.*, ¶ 7.

d.  Class Notice. The parties have agreed to notify the
Settlement Class about the settlement by sending the notice and
claim form by facsimile to the telephone numbers involved in this
case, by U.S. Mail to class members whose facsimile notice fails
after three attempts, and by publishing the notice and claim form
on the claims administrator's website. The notice includes
instructions about opting out, objecting, or submitting a claim
form by fax or mail to the Claims Administrator and includes

6

Class Counsel's direct dial telephone number for people to call with questions. *Id.*, ¶ 8 and Exhibit 2 thereto.

e.  <u>Claims</u>.

(i)  <u>Claim Form</u>. Class members must identify themselves as the holder/owner of particular fax numbers during Defendants' fax advertising campaign. The class notice includes a simple, one-page claim form for submitting claims for cash payments. The claim form is the fourth page of Exhibit 2 to the Settlement Agreement. On the claim form a class member must affirm that a fax number identified by Defendants' records as having been sent one or more advertisements was the class member's fax number during the Class Period. A class member submitting a timely and valid Claim Form will be mailed a payment of the lesser of $1,000.00 per fax sent to that fax number (per Defendants' records) or a *pro rata* share of the Settlement Fund after the other payments required. The claimant need not possess the junk fax at issue, need not remember receiving the junk fax at issue, and need not know anything about Defendants.

Rather, the claimant must merely identify himself or herself as a member of the Settlement Class by verifying ownership of the targeted fax number(s) during June-September 2016. *Id.*, ¶ 9.

(ii)     <u>Claims Administrator</u>. Class-Settlements.com shall be the Claims Administrator and will issue the class notice, maintain the settlement website, assist class members in completing and submitting forms, receive the claim forms, and provide a list of approved and rejected claims to counsel for the parties. The Claims Administrator will provide copies of all approved claim forms to counsel for the parties. The decision of the Claims Administrator regarding the approval of claims shall be final and binding. *Id.*, ¶ 13.

f.     <u>Release</u>. The Settlement Class will release all claims that were brought or could have been brought in this action against Defendants and the other released parties about Defendants' advertisements sent by fax during the Class Period defined in Paragraph 6(a) above. *Id.*, ¶ 16.

g.   Attorney's Fees and Costs and Class Representative

Award. At the final approval hearing, as indicated in the class

notice, Class Counsel will apply to the Court to approve an award

of attorney's fees equal to one-third of the Settlement Fund

($227,666.67), plus reasonable out-of-pocket expenses not to

exceed $15,000.00. Class Counsel will also ask the Court to

approve an award of $15,000.00 to plaintiff, Rusgo & Depanici's,

Inc., for serving as the Class Representative.

## III.   The Court should grant preliminary approval to the settlement.

### A.   The proposed settlement is within the range of possible approval.

9.   A district court's review of a proposed class action settlement

is typically a two-step process. *E.g., In re Inter-Op Hip Prosthesis Liab.*

*Litig.,* 204 F.R.D. 330, 350 (N.D. Ohio 2001). The first step is to hold a

preliminary fairness hearing prior to notifying the class members about

the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,*

262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary

hearing is to determine whether the proposed settlement is "within

range of possible approval." *In re General Motors Corporation Engine*

*Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). *See also In*

9

*re Inter-Op,* 204 F.R.D. at 350. The second step is to hold a final approval hearing after notice to the absent class members, at which the Court can consider any objections lodged by either class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment.

### B.    Standard for judicial evaluation and approval.

10.    A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the court finds that the settlement falls "within the range of possible approval," the court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

**C.    Factors considered in determining whether a settlement is fair, reasonable, and adequate.**

11.    In finally determining whether the settlement is fair, reasonable, and adequate, the trial court will consider the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632.

12.    At the preliminary approval stage, "only certain of these factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N. D. Ohio 2007). "In its preliminary assessment of the fairness of the proposed settlement, the Court must take care not to intrude upon the private settlement negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id., citing In re Inter-Op,* 204 F.R.D. at 351.

11

13.    In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

14.    The parties' Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case. "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op,* 204 F.R.D. at 351.

15.    Defendants have agreed to create a settlement fund using monies made available by their insurers. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check in an amount of the lesser of $1,000.00 per fax of Defendants sent to their fax number, or a *pro rata* share of the Settlement Fund after subtracting the other agreed payments for fees, expenses, and an incentive award to Plaintiff.

16.    Class members who submit claims are likely to recover twice their base statutory damages by returning a simple claim form. Without the settlement, the Class might not prevail or recover at all.

17.    Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000).

18.    This case is no exception. Defendants have denied liability and stated that they agreed to settle only to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable considering the risks of continued litigation. This was a hard-fought case with clear indication that the remaining litigation would remain contentious. Then, the parties would likely litigate one or more appeals after the litigation in the district court level concluded. Moreover, even if successful, Plaintiff would need to prevail against one or both

Insurers in separate coverage actions in order to collect a judgment. In addition to the risk of loss, continued litigation would delay the class members' receipt of any recovery.

19.    The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid claim form will be mailed a check for $1,000.00 per fax Defendants sent their fax number(s), subject to possible reduction, and Defendants and the Insurers have agreed to pay the attorneys' fees and expenses of Class Counsel for conferring that benefit upon each class member. The total Settlement Fund is worth $1,000.00 per fax at issue in this case.

20.    Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. The Court appointed them class counsel in this case, and other courts have appointed them class counsel in TCPA

14

cases, as well as in other types of class actions. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, Case No. 09-CV-14959 (E.D. Mich.); *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.*, Case No. 09-CV-14444 (E.D. Mich.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Compressors Engineering Corp. v. Thomas*, Case No. 10-CV-10059 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV-10996 (E.D. Mich.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill.); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, Case No. 10-CV-331 (E.D. Wis.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953 (N.D. Ill.); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09-CV-1399 (N.D. Ill.). Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases. *See cases cited below*.

21.    Based upon the foregoing, and the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the settlement.

## IV.  At final approval, Class Counsel will ask the Court to approve Defendants and the Insurers' agreement to pay Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement.

22.    At final approval, Class Counsel will request that the Court approve Defendants' agreement to pay them attorneys' fees equal to one-third of the Settlement Fund.

23.    It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Brent,* 2011 WL 3862363 at *19.

24.    Here, Class Counsel's request for one-third of the settlement fund is within the market rate for TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) (awarding one third of fund); *American*

*Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Van Sweden, Inc. v. 101 VT, Inc.*, Case No. 10-cv-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund); *Geismann v. Allscripts-Misys Healthcare Solutions, Inc.*, Case No. 09-cv-5114 (N.D. Ill. Feb. 16, 2012) (Doc. 142) (one third of fund); *Avio Inc. v. Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Doc. 31) (same); *Bailey Brothers Plumbing, Heating and Air Conditioning, Inc. v. Papa's Leatherbarn, LLC*, Case No. 10-cv-80 (W.D. Okla. Nov. 20, 2012) (Doc. 97) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1,

2010) (Doc. 146) (same); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Doc. 140) (same); *Holtzman v. CCH*, 07 C 7033 (N.D. Ill. Sept. 30, 2009) (Doc. 33) (same).

25.    Defendants and the Insurers have agreed to pay Class Counsel one-third of the Settlement Fund as attorneys' fees, plus their reasonable litigation expenses. Class Counsel undertook this case on a contingency basis, represented the Class in a declaratory action about insurance coverage on a contingency basis, and achieved an excellent result in a fair and efficient manner.

26.    Class Counsel resolved this case through unique capabilities from their years of experience in these types of cases. As indicated above, Class Counsel have been litigating TCPA class actions since 2003, and have litigated class actions for many more years.

27.    Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class Counsel delivered significant benefits to the Settlement Class in the face of numerous potentially fatal obstacles. Tested by the potential

18

infirmities of the case itself, there is little doubt that Class Counsel

undertook a significant risk here and the fee award should reflect that

risk. Class Counsel faced a significant risk of nonpayment, not only for

their time but also for their out-of-pocket costs.

28.     The Class Notice informs the Settlement Class about the

agreed and requested attorneys' fees and expenses, so that if any class

member wishes to object he will have that opportunity.

29.     If the Court finds that the settlement is fair, reasonable, and

adequate, then Class Counsel will ask the Court to approve the

payment of fees to Class Counsel in an amount equal to one-third of the

Settlement Fund.

30.     At final approval, Class Counsel will also request that the

Court approve Defendants' payment to Plaintiff in the amount of

$15,000.00 from the Settlement Fund for serving as the class

representative.

31.     Such awards are appropriate to reward class representatives

who have pursued claims on behalf of the class. *Moulton v. U. S. Steel*

*Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois*

*Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding

whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

32.    Plaintiff was a catalyst for the Settlement Class's recovery. Plaintiff filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. Its efforts greatly benefited the Settlement Class. Class Counsel will request that the Court award Plaintiff a payment of $15,000.00 for its efforts on behalf of the class. Other judges have approved similar awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*,

12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

## V.   The Court should approve notice to the Settlement Class.

33.   The parties propose to issue notice to the Settlement Class by facsimile, and by U.S. Mail to class members to whom facsimile notice is unsuccessful. Additionally, both the Notice and Claim Form shall be made available on the claims administrator's website. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

34.   Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

35.   Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case, and, where a fax notice fails, to the names and addresses

Plaintiff's expert identified with those particular fax numbers in the fax broadcaster's database. The simple, one-page claim form will be delivered with the notice, so that members of the Settlement Class can complete a claim form and return it immediately by fax, mail, or electronic upload to the Claims Administrator. The notice and the claim form were written with the goals of clarity and encouraging claims by class members.

36.    The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

37.    The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## VI.    The Court should schedule a final fairness hearing.

38.    Plaintiff requests that the Court schedule a hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

## VIII. Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA.

Respectfully submitted,

<u>s/ Phillip A. Bock</u>
One of Plaintiff's attorneys

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Mark K. Wasvary
MARK K. WASVARY, P.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
Telephone: 248-649-5667

## <u>CERTIFICATE OF E-FILING AND SERVICE</u>

I hereby certify that on May 18, 2017, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

<u>s/ Phillip A. Bock</u>