# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into between Rusgo and Depanicis, Inc. d/b/a Cicchini Custom Clothier ("Plaintiff") on behalf of itself and a class of similarly-situated persons (identified and defined below as the "Settlement Class"), Walter J. Svenkesen Insurance Agency, Inc. d/b/a Viking Insurance Agency and Walter J. Svenkesen ("Defendants"), including their present, former or future agents, insurers, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries and affiliates, and Admiral Insurance Company ("Admiral") and Secura Insurance Company ("Secura"), including their present, former or future agents, insurers, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries and affiliates (collectively, the "Insurers"). Plaintiff, the Settlement Class, Defendants and the Insurers are collectively referred to as the "Parties."

**WHEREAS**, on behalf of itself and a putative class of similarly-situated persons, Plaintiff filed a civil action against Defendants that is pending in the United States District Court of the Eastern District of Michigan, entitled *Rusgo and Depanicis, Inc., et al v. Walter J. Svenkesen Insurance Agency, Inc., d/b/a Viking Insurance, Inc., et al*, Case No. 16-CV-12966 (the "Lawsuit"); and

**WHEREAS**, Plaintiff's Class Action Complaint alleges that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C) and the FCC regulations by sending advertisements by facsimile without prior express invitation or permission; and

**WHEREAS**, without admitting or conceding fault or liability or the validity of Plaintiff's claims, point of law or point of fact, or that Plaintiff or any proposed Class Member is entitled to any relief because of Defendants' conduct, Defendants have agreed to settle all disputes regarding Defendants' faxes to the Settlement Class, including but not limited to all claims of the Settlement Class that were made or could have been made in the Lawsuit; and

**WHEREAS**, Secura issued a general liability policy that insured Defendants; and

**WHEREAS**, Admiral issued a professional services liability policy that insured Defendants; and

**WHEREAS**, without admitting or conceding fault, liability, or insurance coverage issues, the Insurers have agreed to settle the claims against Defendants by making a total of $683,000.00 available to fund this settlement; and

**WHEREAS**, Class Counsel (identified below) have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties; and

**WHEREAS**, the Settlement Class includes, but is not limited to the lists of persons produced by Defendants totaling 683 fax numbers that was sent one or more advertisements by facsimile from June through September 2016; and

**WHEREAS**, each Party acknowledges that he/she/it has not admitted liability to any other Party and now enters into this Agreement solely to avoid the

expense, uncertainty, and inconvenience of litigation; and

**WHEREFORE**, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.  <u>Recitals</u>. The above described recitals are incorporated herein and made a part hereof.

2.  <u>For Settlement Only</u>. This Agreement resolves all disputes between Defendants, the Insurers, and Plaintiff and the Settlement Class as provided herein. Assertions, statements, and representations herein are for settlement purposes only. If this Agreement or a modified version thereof that is acceptable to all Parties is not finally approved by the Court, then the Parties expressly agree that this Agreement is null and void and may not be used by any party for any reason.

3.  <u>Certification of the Settlement Class</u>. The Parties hereby stipulate to certification of a "Settlement Class" for settlement purposes only and defined as follows: "Each person, including but not limited to the lists of persons produced by Defendants totaling 683 fax numbers, that was sent one or more telephone facsimile messages through faxbb.com from June through September, 2016 promoting the availability or quality of property, goods, or services offered by 'Viking Insurance,' but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful." Excluded from the Settlement Class are Defendants and the

Insurers, including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons. If the Court does not finally approve this Settlement, the fact that the Parties stipulated to a settlement class shall not be used by any Party either in support or opposition of class certification in the Lawsuit.

4.     Representation of the Settlement Class. Plaintiff will be appointed as the "Class Representative" and attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC will be appointed as "Class Counsel."

5.     Preliminary Approval. Plaintiff will move the Court for the entry of an order preliminarily approving this settlement and the motion shall be identified as agreed. A proposed "Order Preliminarily Approving Class Action Settlement" (the "Preliminary Approval Order") is attached as Exhibit 1. If the Court does not enter a preliminary approval order substantially in the form of Exhibit 1 or a modified version thereof acceptable to all Parties, then this Agreement shall be null and void.

6.     CAFA Notices. Within 10 days after this Settlement Agreement is filed with the Court, Defendants' counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the Attorney General for the United States and the Michigan Attorney General.

7.     The Settlement Fund. The Insurers agree to make available a common fund of $683,000.00.00 (the "Settlement Fund") to pay valid class member claims, to pay an incentive payment to the Class Representative, to pay attorney's fees and

reasonable litigation expenses, not limited to costs, to Class Counsel, and to pay for the costs and expenses associated with claims administration, as approved by the Court. Secura will contribute $5,000, lump sum, toward the fees and expenses to Class Counsel, which will constitute Secura's sole financial contribution towards the settlement of this case.  Insurers need not segregate funds or otherwise create special accounts to hold the Settlement Fund.  Insurers will not relinquish control of any money until payments are due.

8.   <u>Notice</u>. The Parties will request that the Court approve a "Notice of Class Action Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), and request approval to send notice to the Settlement Class by facsimile, and for any facsimile unsuccessful after three attempts then by regular U.S. Mail to the name and mailing address the Claims Administrator finds associated with the particular fax number in question. After preliminary approval of the settlement, the Claims Administrator will cause the Notice to be sent to the 683 fax numbers of the Settlement Class identified on the lists produced by Defendants. The Notice and Claim Form shall be sent within 7 calendar days of the entry of the preliminary approval order.  The Notice and Claim Form will also be available at a website maintained by the Claims Administrator.

9.   <u>Claim Forms</u>. Settlement Class members must submit fully completed claim forms to receive payments from the Settlement Fund. The Proof of Claim forms will be due within 90 days after the Notice is sent to the Settlement Class (the "Claims Due Date"). Approved claims will be paid $1,000.00 or a lesser *pro rata*

amount if the product of the amount of faxes claimed multiplied by $1,000.00 exceeds the sum of the Settlement Fund minus payments made for attorney's fees and costs as approved by the Court and the payment made to the Class Representative. Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund.

10.   <u>Incentive Award, Attorney's Fees, and Out of Pocket Expenses</u>. Subject to the Court's approval, Defendants, by and through the Insurers, will pay Plaintiff $15,000.00 from the Settlement Fund for representing the Settlement Class as the "Class Representative." Subject to the Court's approval, Defendants by and through the Insurers will pay attorney's fees to Class Counsel in an amount equal to one-third of the Settlement Fund before any other deduction ($227,666.67), plus reasonable out-of-pocket expenses not to exceed $15,000.00, all payable from the Settlement Fund. Defendants and the Insurers will not object to or oppose or appeal any of these payments. The awards will be set forth in the Final Approval Order and paid exclusively from the Settlement Fund as provided herein.

11.   <u>Final Approval</u>. After, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Plaintiff and Plaintiff's counsel shall request that the Court enter an order finally approving the settlement and all its terms in the form attached hereto as Exhibit 3 (the "Final Approval Order"). The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement.

12.     <u>Effective Date</u>. This Agreement shall not be effective until the Effective Date. "Effective Date" means the calendar date five days after the later of (a) the Court enters the Final Approval Order, substantially in the form of Exhibit 3 to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves as provided in this Notice or (b) if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

13.     <u>Claims Administrator</u>. Class-Settlements.com shall be the Claims Administrator and will issue the class notice, maintain the settlement website, assist class members in completing and submitting forms, receive the claim forms, and provide a list of approved and rejected claims to counsel for the parties. The Claims Administrator will provide copies of all approved claim forms to counsel for the Parties. The decision of the Claims Administrator regarding the approval of claims shall be final and binding.

14.     <u>Claims Processing and Payment</u>. Within either 30 days after the Claims Due Date or on the Effective Date, whichever is later, the Insurers shall deliver funds to the Claims Administrator to pay the claims. Checks issued to the Settlement Class members will be void 181 days after issuance and shall state that

fact on their face. Any Settlement Class member who does not negotiate the settlement payment check issued to the Settlement Class member within 181 days of the date of the settlement check, agrees to forfeit and waive any right for compensation under the settlement. Within thirty (30) days after expiration of the 181 day period, all unclaimed money in the Settlement Fund shall revert to Admiral and the balance remaining in the account established by the Claims Administrator to issue the settlement payment checks shall be disbursed and returned to the Insurers.

15.     <u>Payment of Incentive Award, Fees, and Expenses</u>. On or before the Effective Date, the Insurers shall pay from the Settlement Fund the attorney's fees, expenses, and incentive award approved by the Court in the Final Approval Order. Payment of the incentive award, attorney's fees, and expenses shall be made by check to the "Bock & Hatch, LLC Client Trust Account" pursuant to instructions to be provided to Defendants' Counsel. Payment shall be received by the Effective Date.

16.     <u>Releases</u>. Subject to and effective upon entry of the Final Approval Order, all Settlement Class members who are not validly excluded from the Settlement Class as determined by the Court, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendants and the Insurers and their past and present directors, officers, shareholders, representatives, employees, agents, attorneys, insurers, re-insurers, affiliates, subsidiaries, parent corporations, and

other associated business entities and their successors and heirs (the "Releasees")
from liability for any and all claims, demands, debts, liabilities, actions, causes of
action of every kind and nature, obligations, damages, losses, and costs, which
Plaintiff and the Settlement Class members have, had or may have against the
Releasees, whether known or unknown, actual or potential, suspected or
unsuspected, direct or indirect, contingent or fixed, or which have been, could have
been, or in the future might be asserted against Releasees, that arise out of or relate
to the advertisements faxed by or on behalf of Defendants during the Class
Period(the "Released Claims"). The Settlement Class will not release claims
regarding any advertisements sent after execution of this settlement agreement.

17.    <u>Class Enjoined</u>. On the Effective Date, all members of the Settlement
Class who did not exclude themselves as required by the Notice (and any person or
entity claiming by or through him, her, or it, as heir, administrator, devisee,
predecessor, successor, attorney, representative of any kind, shareholder, partner,
director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be
forever barred and permanently enjoined from directly, indirectly, representatively
or in any other capacity, filing, commencing, prosecuting, continuing, litigating,
intervening in, participating in as class members or otherwise, or receiving any
benefits or other relief from any other lawsuit, any other arbitration, or any other
administrative, regulatory, or other proceeding against Defendants or the Insurers
about the Released Claims; and all persons and entities shall be forever barred and
permanently enjoined from filing, commencing, or prosecuting any other lawsuit as

a class action against Defendants or the Insurers (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

18.    Cooperation. Plaintiff, Defendants, and the Insurers agree to cooperate to effect the consummation of this Agreement and to achieve the settlement provided for herein.

19.    Agreement Contingent Upon Entry of Final Approval Order. This Agreement is contingent upon the Court's entry of an order substantially in the form of Exhibit 3 or in some other form which is acceptable to all the Parties, containing a judgment giving final approval to the terms of this Agreement, which becomes a final and non-appealable order.

20.    Notices. Requests for exclusion, objections to the Agreement or settlement, and notices to Plaintiff and the Settlement Class shall be sent to:

> Phillip A. Bock
> Bock, Hatch, Lewis & Oppenheim, LLC
> Attn.: Svenkesen Settlement
> 134 N. La Salle St., Suite 1000
> Chicago, IL 60602

Class Counsel shall provide copies of all requests for exclusion and objections to Defendants, through their counsel, and to Defendants' insurance carrier, Admiral Insurance Company, through its counsel, as follows:

> Dora A. Brantley
> Rutledge, Manion, Rabaut, Terry & Thomas, P.C.

Counsel for Defendants
333 W. Fort Street, Suite 1600
Detroit, MI 48226

Julie I. Fershtman
Foster Swift Collins & Smith, PC
Counsel for Admiral Insurance Company
One Northwestern Plaza
28411 Northwestern Highway, Suite 500
Southfield, MI 48034

21.   <u>Court Submission</u>. Class Counsel and Defendants' counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval to the settlement and to order notice of hearing for final approval with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

22.   <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.

23.   <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning

of this Agreement.

24.     _Binding and Benefiting Others_. This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest.

25.     _Warranties_. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys about the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

26.     _Governing Law_. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Michigan, without regard to its conflict of laws or choice of laws provisions.

27.     _Mutual Interpretation_. The Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. This Agreement is not one of adhesion, is mutually created and no ambiguity shall be construed in favor of or against any of the Parties. The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendants or the Insurers regarding the merits of the claims or class

certification and Defendants and the Insurers acknowledge, but do not concede to or agree with, the Settlement Class's statements regarding the merits of the claims or class certification.

28.   Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all counterparts together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail are acceptable for the execution of this Agreement and shall be treated as if original signatures.

29.   Severability. If any provision of this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

30.   Continuing Jurisdiction. Without affecting the finality of the final judgment, the parties will ask the Court to retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, regarding the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any dispute or controversies arising with respect to the interpretation,

enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

RUSGO AND DEPANICIS, INC. D/B/A CICCHINI
CUSTOM CLOTHIER

By: _____

Its: _____

Dated: _____

WALTER J. SVENKESEN INSURANCE AGENCY
D/B/A VIKING INSURANCE,

By: _____

Its: _____Owner_____

Dated: ____5/17/17_____

WALTER J. SVENKESEN

_____

SECURA INSURANCE COMPANY

By: _____

Its: _____

Dated: _____

14

**ADMIRAL INSURANCE COMPANY**

By: _____

Its: _____

Dated: _____

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

RUSGO AND DEPANICI'S, INC.,    )
individually and as the representative    )
of a class of similarly situated persons,    )
    )
    Plaintiff,    )  No. 16-CV-12966
    )
    v.    )
WALTER J. SVENKESEN    )
INSURANCE AGENCY, INC., D/B/A    )
VIKING INSURANCE AGENCY and    )
WALTER J. SVENKESEN,    )
    )
    Defendants.

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter coming before the Court on plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (the "Motion"), after review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.    Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, considering the factual, legal, practical, and procedural considerations raised by this case, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Motion, as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.     Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for settlement only, the Court hereby certifies the following class:

> Each person, including but not limited to the lists of persons produced by Defendants totaling 683 fax numbers, that was sent one or more telephone facsimile messages through faxbb.com from June through September, 2016 promoting the availability or quality of property, goods, or services offered by 'Viking Insurance,' but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful.

Excluded from the Settlement Class are ("Defendants") and their Insurers, Admiral Insurance Company ("Admiral") and Secura Insurance Company ("Secura") (collectively, the "Insurers"), including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons.

3.     The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4.     The Court appoints Rusgo and Depanicis, Inc. as the representative of the Settlement Class pursuant to Rule 23 (a), and appoints Rusgo's attorney (Phillip

A. Bock of Bock, Hatch, Lewis & Oppenheim LLC) as Class Counsel pursuant to Rule 23 (g).

5.      The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed.

6.      The Class Notice shall be sent by facsimile to the last known telephone fax number of each class member as reflected in the lists produced by Defendant. If the notice cannot be successfully transmitted in three attempts, then it shall be mailed to the name and mailing address correlated with the fax number. The Class Notice and Claim Form shall also be made available on the Claims Administrator's website. The Court finds and orders that no other notice is necessary.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)      The Class Notice will be sewnt on or before June 1, 2017;

(b)      Objections and motions to intervene (including supporting memoranda) shall be filed in this Court and postmarked and served on Class

Counsel and Defendant's counsel on or before July 31, 2017, or be forever barred;

(c)     Requests by any Class member to opt out of the settlement must be submitted on or before July 31, 2017, or be forever barred;

(d)     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than August 29, 2017; and

(e)     The final approval hearing, identified in the Class Notice, is hereby scheduled for \_<week of September 5,.>_____, 2017, at _____ a.m./p.m. in Room ____.

BY ORDER OF THE COURT

_____
Honorable Linda V. Parker

Dated: _____

4

# EXHIBIT 2

**This is a notice of a lawsuit settlement.**
**You may benefit from this. Please read it carefully.**
**You must submit a Proof of Claim (attached) to receive a settlement check.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| RUSGO AND DEPANICIS, INC., individually and as the representative of a class of similarly situated persons, Plaintiff,<br><br>v.<br><br>WALTER J. SVENKESEN INSURANCE AGENCY, INC. d/b/a VIKING INSURANCE AGENCY and WALTER J. SVENKESEN, Defendants. | )<br>)<br>)<br>)<br>)  No. 16-CV-12966<br>)<br>)<br>)<br>) |

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**

TO:   Each person, including but not limited to the lists of persons produced by Defendants totaling 683 fax numbers, that was sent one or more telephone facsimile messages through faxbb.com from June through September, 2016 promoting the availability or quality of property, goods, or services offered by 'Viking Insurance,' but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful.

**The Court ordered us to send this Notice because your fax number appeared on a list of fax numbers to which advertising faxes were sent and, therefore, you might be a member of the Settlement Class defined above. Please read the notice that follows.**

**A.    WHAT IS THIS LAWSUIT ABOUT?**

A company named Rusgo and Depanicis, Inc. d/b/a Cicchini Custom Clothier ("Plaintiff") filed this class action lawsuit against a company named Walter J. Svenkesen Insurance Agency, Inc. d/b/a Viking Insurance and its director, Walter J. Svenkesen ("Defendants"), alleging that they violated the federal Telephone Consumer Protection Act ("TCPA") by faxing unsolicited advertisements. Defendants denied the allegations, but without admitting or conceding fault or liability, the parties have agreed to settle all claims about advertising faxes sent by or on Defendants' behalf from June through September, 2016. This notice informs you of the rights of all members of the Settlement Class defined above.

**B.    WHAT IS THE PROPOSED SETTLEMENT?**

Defendants, by and through their insurers, Admiral Insurance Company ("Admiral") and Secura Insurance Company ("Secura") (collectively, the "Insurers"), have created a total settlement fund of $683,000.00 (the "Settlement Fund") to pay class member claims, settlement administration costs, attorney's fees, costs, and expenses, and an incentive awards to Plaintiff. Each class member that submits a valid and timely claim will be paid the lesser of $1,000.00 or a *pro rata* share of the Settlement Fund, after those other payments.

The Court has preliminarily approved the proposed settlement, and certified the Settlement Class, defined above, subject to a final approval hearing that will occur on _____, 2017, at _____ a.m./p.m., in Room _ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

**C.** **WHAT ARE YOUR FOUR OPTIONS?**

**1.** **Submit a Proof of Claim (attached) to receive a check:** You must submit a claim form postmarked, faxed, or electronically via **[website]** within 90 days after this Notice is sent (on or before _____, 2017) to be eligible for a settlement check.

**2.** **Do nothing:** If the Court approves the settlement, but you do nothing then you will release your claims about Defendants' fax advertisements, but you will not receive a settlement check if you do not submit a Claim Form.

**3.** **Opt out of the settlement:** You have the right to exclude yourself from the class action and the settlement by mailing a written request for exclusion. Your request must be postmarked on or before _____, 2017, and it must list your name, fax number, street address, and the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Svenkesen Settlement."). Mail your exclusion request to the following attorneys, postmarked by that date, and they will notify the Court of your request:

| For Class Counsel: | Defendant's Attorneys: |
|---|---|
| Phillip A. Bock | Dora A. Brantley |
| Bock & Hatch, LLC | Rutledge, Manion, Rabaut, Terry & |
| Attn.: Svenkesen Settlement |   Thomas, P.C. |
| 134 N. La Salle St., Ste. 1000 | 333 W. Fort Street, Suite 1600 |
| Chicago, IL 60602 | Detroit, MI 48226 |

**4.** **Object to the settlement:** If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. Your objection must be postmarked by _____, 2017, and must refer to the name and number of this case (*Rusgo and Depanicis, Inc. v. Walter J. Svenkesen Insurance Agency, Inc.,* Case No. 16-CV-12966). You must also serve copies of your objection on Class Counsel and Defendants' attorneys (at the addresses above), postmarked by that same date. Your objection must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. It is not enough to say that you object; you must state the reasons why you believe the Court should not approve the settlement.

**D.      WILL THE COURT APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing to decide whether to approve the settlement on _____, 2017, at _____ a.m./p.m., in Room _____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. There, the Court will hear any timely and properly-filed objection and argument about the settlement. The hearing may be continued to a future date without further notice.

**E.      WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION?**

Rusgo and Depanicis, Inc. is the class representative. The Court appointed Plaintiff's attorneys as Class Counsel: Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim. These attorneys have litigated this matter on a contingency basis. As part of the settlement, Class Counsel will request that the Court award Plaintiff an incentive award of $15,000 for serving as the class representative and ask the Court to award them attorney's fees equal to one-third of the settlement fund for their legal services ($227,666.67), plus expenses also from the settlement fund. You will not have to pay any money to Class Counsel.

**F.      INQUIRIES:**

If you have specific questions, you can write to Class Counsel at the address listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Phillip A. Bock, one of the lawyers for the Class, at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE LINDA PARKER**

**PROOF OF CLAIM**

**Rusgo and Depanicis, Inc. v. Walter J. Svenkesen Insurance Agency, Case No. 16 CV 12966**

Fax Number:  <populated by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

1.    **You Must Provide Your Contact Information.**

Name:  _____

Company:  _____

Address:  _____

City/State/Zip Code:  _____

Fax Number(s):  _____
                                          [List All Numbers]

2.    **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

"I swear and affirm that the fax number(s) listed above was/were mine or my company's during the period from June 1, 2016 to September 30, 2016."

_____
(Sign your name here)

3.    **You Must Return this Claim Form by [90 days]_____, 2017:**

(a)    Fax this Claim Form to:  <fax number for claims >

        ***OR***

(b)    Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

        ***OR***

(c)    Submit this claim form electronically at **[website]**

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| RUSGO AND DEPANICIS, INC.,<br>individually and as the representative<br>of a class of similarly situated<br>persons, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) | No. 16-CV-12966 |
| | ) | |
| v. | ) <br> ) | |
| WALTER J. SVENKESEN<br>INSURANCE AGENCY, INC. D/B/A<br>VIKING INSURANCE AGENCY and<br>WALTER J. SVENKESEN, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Rusgo and Depanicis, Inc. ("Plaintiff"), and defendants Walter J. Svenkesen Insurance Agency, Inc., d/b/a Viking Insurance Agency and Walter J. Svenkesen ("Defendants"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1.      This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class considering the factual, legal, practical and procedural considerations raised by this case.

3.      The Settlement Class is defined as follows: "Each person, including but not limited to the lists of persons produced by Defendants totaling 683 fax numbers, that was sent one or more telephone facsimile messages through faxbb.com from June through September, 2016 promoting the availability or quality of property, goods, or services offered by 'Viking Insurance,' but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful." Excluded from the Settlement Class are Defendants and their Insurers, Admiral Insurance Company ("Admiral") and Secura Insurance Company ("Secura") (collectively, the "Insurers"), including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons.

4.      The Court finds that the Settlement Agreement was entered in good faith following arm's-length negotiations.

5.      Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6.      Upon the Affidavit of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7.      ____ objections were received.  All objections are overruled.

8.     The following persons requested exclusion from the Settlement Class and the settlement and are hereby excluded: _____.

9.     After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10.     Defendants, by and through their Insurers, have created a $683,000.00 settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund, if any, shall revert to Admiral.

11.   As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $1,000.00 from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance.

12.   As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $227,666.67 plus out-of-pocket expenses (including payments to the claims administrator) in the amount of _____. Those amounts shall be paid from the Settlement Fund when this Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

13.   As agreed between the parties, the Court approves a $15,000 incentive award to plaintiff Rusgo and Depanicis, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when this Final Approval Order become final as those terms are defined in the Settlement Agreement.

14.   The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15.   This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants, is hereby dismissed with prejudice and without taxable costs to any party.

4

16.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement.  All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants or their Insurers, in this Court or any other court or forum.

17.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Final Approval Order do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order shall be void and be deemed vacated.

18.     The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class, Defendant, and Defendant's Insurers, to determine all matters relating in any way to this Final Approval` Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

19.     The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

BY ORDER OF THE COURT

Dated: _____            _____

                                  Honorable Judge Linda V. Parker