UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSGO AND DEPANICIS, INC., )
individually and as the representative )
of a class of similarly situated )
persons, )
                Plaintiff, ) Case No. 16-CV-12966
) Honorable Linda V. Parker
        v. )
)
WALTER J. SVENKESEN )
INSURANCE AGENCY, INC. )
D/B/A VIKING INSURANCE )
AGENCY and WALTER J. )
SVENKESEN, )
)
                Defendants.

## FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiff, Rusgo and Depanicis, Inc. ("Plaintiff"), and Defendants Walter J. Svenkesen Insurance Agency, Inc., d/b/a Viking Insurance Agency and Walter J. Svenkesen ("Defendants"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises,

**IT IS HEREBY ORDERED**:

1.    This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is

hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class considering the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "Each person, including but not limited to the lists of persons produced by Defendants totaling 683 fax numbers, that was sent one or more telephone facsimile messages through faxbb.com from June through September, 2016 promoting the availability or quality of property, goods, or services offered by 'Viking Insurance,' but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful." Excluded from the Settlement Class are Defendants and their Insurers, Admiral Insurance Company ("Admiral") and Secura Insurance Company ("Secura") (collectively, the "Insurers"), including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons.

4. The Court finds that the Settlement Agreement was entered in good faith following arm's-length negotiations.

5. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice

practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6.  Upon the Declaration of Dora Brantley, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7.  No objections were received.

8.  No persons requested exclusion from the Settlement Class and the settlement.

9.  After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or

through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendants, by and through their Insurers, have created a $683,000.00 settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund, if any, shall revert to Admiral.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $1,000.00 from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance.

12. As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $227,666.67 plus out-of-pocket expenses (including payments to the claims administrator) up to $15,000.00. Those amounts shall be paid from the Settlement Fund when this Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

13. As agreed between the parties, the Court approves a $15,000 incentive award to Plaintiff Rusgo and Depanicis, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when this Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

14. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants, is hereby dismissed with prejudice and without taxable costs to any party.

16. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants or their Insurers, in this Court or any other court or forum.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Final Approval Order do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order shall be void and be deemed vacated.

18. The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class, Defendants, and Defendants' Insurers, to determine all matters relating in any way to this Final Approval Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

19. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 19, 2017